**Fairfax**

ROBERT H. BRAWAND, SR.

v.

MARLENE E. BRAWAND

No. 0026-84

Argued April 9, 1985

Decided January 7, 1986

COUNSEL

Stefan C. Long (Long, Donelan & Test, on brief), for appellant.

James E. Carr (Winterhalter & Carr, on brief), for appellee.

OPINION

**BAKER, J.**—This is an appeal by Robert H. Brawand (husband) from a decree entered by the Circuit Court of Fairfax County denying his request for a divorce from Marlene E. Brawand (wife) on the ground of desertion. Wife also took exceptions to the decree and filed cross-error based upon the trial court's denial of her request for a divorce from husband on the grounds of cruelty and constructive desertion.

On January 24, 1983, husband filed a complaint asserting that wife had willfully and without cause deserted him three days earlier. Wife filed a written response in which she admitted that she had left the premises at which they last resided but claimed that her leaving was with cause. In a cross-bill, she charged psychological abuse, threats of bodily harm, imminent peril, and prayed that a divorce be granted her on the ground of constructive desertion or cruelty.

The matter was referred to a commissioner in chancery. After hearing *ore tenus* depositions, the commissioner reported to the court that, although the parties separated on January 21, 1983, and continued to live apart, neither presented sufficient evidence in support of their respective bills to justify granting either a divorce on the grounds alleged in their original complaints.

On the same day that the commissioner filed his report, wife filed a written motion pursuant to Code § 20-121.02 requesting that "in the alternative to her other grounds" she be granted a divorce based on Code § 20-91(9). This motion apparently was filed prior to the commissioner's report as he recommended that the motion be granted but made no recommendation as to support or property.

Each party filed exceptions to the commissioner's report. The trial judge overruled the exceptions and entered a decree on October 15, 1984, granting wife a divorce *a vinculo matrimonii* based on Code § 20-91(9), custody of the children, and a unitary award of spousal-child support.

The record discloses a failed marriage. The parties were married on June 6, 1964, and resided together until January 21, 1983. During the years immediately prior to their separation, significant problems developed. There were frequent arguments which be-

came acute in 1982 and January 1983, over matters such as finances and housekeeping.

In February 1982, a severe argument occurred following husband's disciplining the parties' oldest son. Wife threatened to call the police, but husband forbade her use of the telephone and stated to her: "I ought to kill you."

Thereafter, except for a short period in March 1982, the parties maintained separate bedrooms within the marital abode. This condition continued unabated until January 21, 1983, when the parties permanently separated.

Following the February 1982 incident, the parties' arguments continued, especially when husband had been drinking alcohol. During these arguments, on several occasions, each party requested that the other leave, yet each refused to do so.

As time passed, the parties avoided each other except to argue. Husband suggested separate checking accounts pursuant to which they terminated their joint account. Wife then began searching for alternative housing, and consulted an attorney regarding a separation agreement. Eventually, she presented a proposed separation agreement to husband who rejected it as unfair.

Some two weeks before their ultimate separation a severe argument occurred when husband objected to wife using the telephone. This argument culminated in husband tearing the phone from the wall and throwing it to the floor. The receiver bounced from the floor and struck wife's wrist. Although she continued to reside in the family home she asserted that she was terrified by the incident. Thereafter, she found separate housing and on January 21, 1983, and without notice to the husband, removed herself, the children and most of the household furniture from their last place of residence. Since that date the parties have lived separate and apart without cohabitation.

■ The decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent, and credible evidence. *Hoback* v. *Hoback,* 208 Va. 432, 435-36, 158 S.E.2d 113, 116 (1967). We hold that there was sufficient evidence presented to support the commissioner's report and the findings made by the trial court.

## I.

█ Wife's cross appeal asserts that that trial court erred when it denied her request for a divorce on the ground of cruelty and constructive desertion. The first question to be answered is whether husband's conduct constituted cruelty which would entitle wife to a divorce on the ground of constructive desertion. She asserts that sufficient evidence was presented to support an award of divorce to her based upon that ground. We disagree. The evidence does not meet the test set forth in *Hoback* regarding allegations of cruelty amounting to constructive desertion.

We further hold that husband's requests during arguments that wife leave the home do not support a constructive desertion claim. The Supreme Court of Virginia has been unwilling to extend the law to recognize as a ground for divorce a bare demand to "get out" and has stated "that courts should not sever marriage bonds merely because husband and wife, through lack of patience or uncongenial natures, cannot live happily together." *Rowand* v. *Rowand,* 215 Va. 344, 346, 210 S.E.2d 149, 151 (1974) (citing *Butler* v. *Butler,* 145 Va. 85, 88, 133 S.E. 756, 757 (1926)).

## II.

█ Husband's appeal asserts that the trial court erred when it denied his request for a divorce on the ground of desertion. We are required to decide whether any basis existed upon which to justify wife's leaving home. If there was such justification then the trial court will be sustained. If not, husband is entitled to a divorce on the ground of desertion.

In *Nash* v. *Nash,* 200 Va. 890, 108 S.E.2d 350 (1959), the Supreme Court defined willful desertion as follows:

> Desertion is a breach of matrimonial duty, and is composed first, of the breaking off of the matrimonial cohabitation, and secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete.

*Id.* at 893, 108 S.E.2d at 352 (citations omitted). The wife's act of leaving met the first requirement for desertion. The question as to "intent to desert" remains to be answered. Both acts must be present to create the breach of marital duty which constitutes deser-

tion. In the absence of evidence to show justification or excuse for leaving, wife would be guilty of desertion as claimed by husband as the intent would necessarily be inferred. *See Graham v. Graham,* 210 Va. 608, 609-10, 172 S.E.2d 724, 725-26 (1970). But where a party breaking off cohabitation establishes that such conduct was legally justified, that party is not guilty of desertion even though the conduct of the other party may be insufficient to establish a judicial proceeding for a divorce. *Breschel v. Breschel,* 221 Va. 208, 211-12, 269 S.E.2d 363, 365 (1980); *Capps v. Capps,* 216 Va. 382, 385, 219 S.E.2d 898, 900 (1975); *Rowand v. Rowand,* 215 Va. 344, 346, 210 S.E.2d 149, 151 (1974). Thus, the fact that husband's conduct did not constitute cruelty amounting to constructive desertion does not, standing alone, establish that wife was without legal justification in leaving the marital abode.

The holdings in *Rowand, Capps* and *Breschel* turn on the peculiar facts of those cases. Taken together they stand for the general proposition that if a wife leaves the marital abode for a cause other than to intentionally desert her husband, and the proof of such cause falls short of constituting constructive desertion on the husband's part, yet is sufficient to cause the wife to reasonably believe that her health or well being is endangered by remaining in the household, and, prior to her departure she has unsuccessfully taken whatever measures might be expected to eliminate the concern, then her departure is justified. In such cases the wife is not guilty of desertion because her intent is not to abandon her husband, but rather to shield herself from the cause of such concern.

Each such departure must be judged by the trial court on the facts of the case then before it. It is to be guided by the general rule that when one of the parties has broken off the matrimonial cohabitation by departing from their place of residence, the burden of going forward with the evidence of justification rests upon the party claiming it, unless such justification appears from the testimony adduced by the other party. *See Breschel,* 221 Va. at 211, 269 S.E.2d at 365; *Graham,* 210 Va. at 609-10, 172 S.E.2d at 725-26.

Thus, the question to be answered with respect to husband's appeal is whether the record discloses substantial, competent, and credible evidence to support the trial judge's finding of legal justification for wife's departure from the family home on January 21,

1983. Husband engaged in violent, verbal outbursts and spoke language which reasonably could be interpreted as threatening. The cumulative effect of these incidents and other marital strife provided her ample justification or excuse to leave.

Accordingly, we find that the trial judge properly overruled the exceptions to the commissioner's report and correctly approved his findings in the final decree. Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Duff, J., concurred.