## CIRCUIT COURT OF WASHINGTON COUNTY

Widener

v.

Widener

**February 17, 1988**

**Case No. (Chancery) 8205**

By JUDGE CHARLES H. SMITH, JR.

As per our discussion of January 29, 1988, I have reviewed this file in an effort to ascertain what, if any, grounds for divorce exist between the parties. In connection therewith, I have considered the extensive depositions of the parties along with exhibits in the file and have considered arguments of counsel made on the 29th. In consideration of all of which the court finds as follows.

The parties hereto were married on October 2, 1970, in Washington County, Virginia. There was one child born to this union, Bernard Lynn Widener, who is now sixteen years of age. The parties separated on October 19, 1986, and presumably, have lived separate and apart continuously since that date. Mrs. Widener alleges that Mr. Widener deserted her on that date without legal justification or excuse. Mr. Widener admits that he did leave on that date but that he was justified in doing so and that Mrs. Widener is, in fact, guilty of constructive desertion. In the alternative, Mr. Widener contends that Mrs. Widener has failed to prove any desertion on his part and that

the parties are only entitled to a divorce based upon one year's separation.

The Supreme Court and the Court of Appeals have stated repeatedly the elements necessary to be proven in order to establish a case of desertion. They are: first, a breaking off of matrimonial cohabitation; and, secondly, an intent to desert in the mind of the offender. *See Latham v. Latham*, 71 Va. 307 (1878). In the instant case, there is no question but what Mr. Widener did leave the marital abode on October 19, 1986, taking with him certain of his personal belongings, and stayed gone a couple of days before notifying Mrs. Widener of his whereabouts. He admitted this in his depositions of May 8, 1987. This being the case, the burden is placed upon Mr. Widener to go forward with evidence to justify his leaving. *See Brawand v. Brawand*, 1 Va. App. 305 (1986).

Mr. Widener's act of leaving obviously met the first requirement for desertion. The question remains as to his "intent to desert." In order to constitute a defense to Mrs. Widener's *prima facie* showing of desertion, Mr. Widener must prove misconduct on her part sufficient in scope to constitute a ground of divorce in his favor against her. The Supreme Court has consistently held that one spouse is not justified in leaving the other unless the conduct of the wrongdoer could be made the foundation of a judicial proceeding for divorce. Nothing short of such conduct will justify a willful separation or continuance of it. *See Guy v. Guy*, 210 Va. 536 (1970); *Wimbrow v. Wimbrow*, 208 Va. 141 (1967); *Lawyer v. Lawyer*, 207 Va. 260 (1966); *Zinkhan v. Zinkhan*, 2 Va. App. 200 (1986).

In the *Brawand* case, there was evidence of threats of physical violence, actual violent acts, and excessive drinking. The trial court, however, denied the wife a divorce on the ground of cruelty and construction desertion, and the court of Appeals affirmed. Although the court also denied the husband a divorce on the ground of desertion, the court did state:

> In the absence of evidence to show justification or excuse for leaving, wife would be guilty of desertion as claimed by husband as the intent would necessarily be inferred. (Citing *Graham v. Graham*, 210 Va. 608 (1970).)

126

In the instant case, it is evident that Mr. Widener did leave the matrimonial abode. This fact is corroborated by witnesses for Mrs. Widener and by Mr. Widener's own testimony. As stated above, his intent to desert can necessarily be inferred from this act of leaving and the surrounding circumstances. Also, the court is of the opinion that Mr. Widener's testimony and that of his witnesses do not establish any justification or excuse for his leaving and none was shown by Mrs. Widener's evidence. By analogy, if the evidence in *Brawand* was insufficient to establish a fault ground for divorce based upon cruelty and constructive desertion, it is certainly insufficient in this case.

I am, therefore, of the opinion that Mrs. Widener is entitled to a divorce *a vinculo matrimonii* based on desertion pursuant to Sections 20-95 and 20-121.01 of the Code. However, since the desertion took place on October 19, 1986, and the last depositions were taken on May 8, 1987, there will need to be additional proof taken to establish that the desertion has continued through the requisite period of time. A final decree of divorce can be entered if the evidence bears this out.

Also, as requested by counsel, the court may retain jurisdiction over equitable distribution if necessary pursuant to Section 20-107.3 of the Code. If this is done, I would simply leave the existing *pendente lite* order concerning child custody, visitation, child support, and spousal support in effect pending final order.

Mr. Austin may proceed with the taking of additional evidence, the preparation and submission of a final decree in accordance with this opinion if he be so advised.