## CIRCUIT COURT OF HENRICO COUNTY

Nancy Vaughan

    v.

Michael Vaughan

April 18, 1989

Case No. 88C1043

By JUDGE JOSEPH F. SPINELLA

The Court has read the depositions in this matter concerning the question of willful desertion of the plaintiff by the defendant as alleged in the Bill of Complaint and the willful desertion of the defendant by the plaintiff as alleged in the cross-bill.

It is clear from the record that the parties last lived together in Henrico County and that on September 12, 1987, the plaintiff left the home of the parties and moved to the home of her parents in Norfolk, Virginia. The parties were living with the parents of the defendant, and there was testimony that the plaintiff did not get along well with the defendant's mother. The plaintiff returned to the home of defendant's parents where the defendant was then living, one week later in an attempt to reconcile. She states that the defendant again requested her to leave, and she left. No incident occurred between the parties on that weekend or on the September 12 weekend when she first left. The plaintiff testified that the defendant told her that he wanted her to leave, and so she left on Sunday, October 18, 1987. The only corroboration of these circumstances comes from the parents of the plaintiff who testified that the daughter told them that she was asked to leave and that she was coming to Norfolk to stay with them. (Tr. p. 72, 73).

The case of *Brawand v. Brawand*, 1 Va. App. 305, 338 S.E.2d 651 (1986), seems to be controlling in this case. The Court citing *Nash v. Nash*, 200 Va. 890 (1959), stated the definition of willful desertion as follows:

> Desertion is a breach of matrimonial duty and is composed first of the breaking off of the matrimonial cohabitation and, secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete.

The Court further held that the trial court must judge the facts of the case then before it and:

> It is to be guided by the general rule that when one of the parties has broken off the matrimonial cohabitation by departing from their place of residence, the burden of going forward with the evidence of justification rests upon the party claiming it, unless such justification appears from the testimony adduced by the other party.

It is undisputed that the plaintiff left the residence of the parties in this case, and the only question is whether she had the intent to desert. The law places the burden upon her to prove that she had justification for leaving. In the absence of such a showing, the plaintiff would be guilty of willful desertion as claimed by the husband in his cross-bill as the intent would necessarily be inferred.

The evidence taken by both parties does not disclose any acts of violence by the defendant against the plaintiff, nor does it disclose any violent arguments, verbal outbursts, or any other acts or language attributable to the defendant which could be interpreted as threatening. The evidence at best discloses a desire on the part of the defendant to be released from the marriage and that the parties were not getting along well. The plaintiff's case relies upon the statement of the defendant requesting that she leave and that he had told the marriage counselor that he wanted to get out of the marriage. There is little or no corroboration of the evidence, independent of the

admissions of the parties, which would allow the court to find justification or excuse for her leaving the residence of the parties. Accordingly, the intent to desert is necessarily inferred, the plaintiff having failed to show by the evidence that she had justification or excuse for leaving.

The decree as submitted by the defendant awarding the divorce to the defendant on the cross-bill will be entered on Friday, April 28, 1989.