COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RONALD LEE ALLEN, SR.

v.   Record No. 2459-94-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
PEGGY ANN ALLEN                               MAY 30, 1995


                                      FROM THE CIRCUIT COURT OF
THE CITY OF VIRGINIA BEACH
                  Jerome B. Friedman, Judge

          (Albert L. Fary, Jr., on brief), for appellant.

          (F. Sullivan Callahan; Moss & Callahan, on brief), for
          appellee.



     Ronald Lee Allen, Sr., (husband) appeals from a final decree

of divorce.  Husband raises the following issues on appeal:  (1)

whether the trial court erred in awarding Peggy Ann Allen (wife)

spousal support; (2) whether the trial court erred in not

awarding child support retroactive to the date wife received

notice of husband's intention to seek child support; (3) whether

the trial court erred in awarding wife $5,500 as her interest in

the marital home; and (4) whether the trial court erred in

awarding wife fifty percent of the marital share of husband's

pension.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  Rule 5A:27.

     The evidence was heard by a commissioner in chancery, who

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

forwarded his recommendations to the trial court. The trial court reduced the amount of recommended spousal support payable to wife and made a corresponding reduction in child support. Wife does not appeal the trial court's modifications. We presume that the decree confirming the commissioner's report, as modified, is correct, and it will not be disturbed on appeal "if it is reasonably supported by substantial, competent, and credible evidence." Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1985).

## I. Spousal Support

In reviewing the trial court's decision to award spousal support, we note that

> the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

Husband has failed to demonstrate that wife is barred from receiving spousal support under Code § 20-107.1. Wife was granted a divorce on the ground of the parties having lived separate and apart for one year after September 5, 1989. Although husband contends that the evidence proved adultery, the pleadings did not allege adultery and the record does not contain evidence sufficient to prove adultery.

2

Although husband alleged that wife was receiving financial assistance from another man and did not need support, husband presented no evidence to support this allegation. Wife presented credible evidence demonstrating that her standard of living had declined following the parties' separation and that she needed financial support. Husband testified he had an average annual income of $90,000. On this evidence, we cannot say the trial court abused its discretion in awarding wife spousal support.

## II. Retroactive Child Support

The trial court, pursuant to the statutory guidelines contained in Code § 20-108.2, awarded child support payable to husband. Husband claims that the trial court should have ordered wife to pay child support from September 1991, when husband notified wife that he would seek pendente lite child support. The husband took no action pending the proceedings to obtain a pendente lite award. The record does not establish that the trial court abused its discretion in setting the effective date of the support award.

## III. Award of Interest in Marital Home

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

"Unless it appears from the record that the

3

chancellor has abused his discretion, that he
has not considered or has misapplied one of
the statutory mandates, or that the evidence
fails to support the findings of fact
underlying his resolution of the conflict in
the equities, the chancellor's equitable
distribution award will not be reversed on
appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368
(1987) (citation omitted).

The trial court ruled that wife was entitled to receive
one-half of the equity in the marital home. While husband
testified that the home had no equity, credible evidence supports
the trial court's determination that the home had equity in the
amount of $11,000.

The trial court's order indicates that it considered the
statutory factors contained in Code § 20-107.3. Moreover, the
evidence showed that wife had made financial contributions to the
family as well as substantial non-monetary contributions
throughout the marriage. A previous home, purchased with joint
funds, had been signed over by wife under fear of foreclosure and
was determined to be husband's separate property.

We cannot say the trial court's decision awarding wife
$5,500 as her share of the marital home is plainly wrong or
unsupported by the evidence. Therefore, the trial court's

4

decision is affirmed.

## IV.  Retirement Benefits

Husband contends that wife should not receive a share of his retirement benefits attributable to the parties' two-year period of separation prior to the final separation.  However, Code § 20-107.3 defines marital share as "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties."  While the parties initially separated in 1987, it was uncontroverted that the parties reconciled for a two-month period in 1989.  Additional evidence indicated that the parties continued to see each other throughout the period of separation, and even took a cruise together.  Therefore, credible evidence supports the conclusion that "at least one of the parties intended that the separation be permanent" only after September 5, 1989.

The trial court complied with the statutory provision in determining the marital share.  Therefore, we find no error or abuse of discretion in the award to wife of fifty percent of the marital share of husband's retirements benefits.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>