COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


JOHN CLIFTON STACEY

                                    MEMORANDUM OPINION*
v.    Record No. 0634-99-1             PER CURIAM
                                     SEPTEMBER 7, 1999
DEBORAH S. M. STACEY


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Kenneth N. Whitehurst, Jr., Judge

              (Samuel R. Brown, II; Samuel R. Brown, II,
              P.C., on brief), for appellant.

              (Sonya L. Powell; Law Offices of Charles R.
              Hofheimer, P.C., on brief), for appellee.


     John Clifton Stacey (husband) appeals the final decree of

divorce entered by the circuit court, which affirmed the report of

the commissioner in chancery.  On appeal, husband contends that

the trial court erred by (1) refusing to grant him a divorce from

Deborah S. M. Stacey (wife) on the ground of her willful

desertion; (2) awarding wife spousal support despite the evidence

of desertion; (3) ordering him to pay all costs and $5,000 in

wife's attorney's fees; (4) failing to award him his attorney's

fees and costs; (5) failing to award him the marital residence;

(6) failing to credit him for post-separation mortgage payments;

(7) finding wife was entitled to a $5,000 credit from the sale of

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the marital residence; (8) failing to credit him with $11,000 in contributions to the marital residence; (9) failing to consider the value of wife's business and its assets; (10) determining the amount of spousal support; (11) failing to consider the parties' agreement on equitable distribution and spousal support; and (12) awarding wife primary physical custody of the parties' son. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

The evidence was heard by the commissioner in chancery. "The decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent, and credible evidence." Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1986).

### Grounds for Divorce

Husband contends that the trial court erred by refusing to grant him a divorce on the ground that wife willfully deserted the marriage. The commissioner found that husband failed to corroborate his allegation that wife deserted the marriage. While corroboration need only be slight, see Dodge v. Dodge, 2 Va. App. 238, 245, 343 S.E.2d 363, 367 (1986), we find no error in the commissioner's finding that husband failed to present sufficient evidence to support his alleged ground. Husband presented the testimony of a neighbor who noted that, "I no

-

longer see [wife's] car over there.  I no longer see her over there.  Been a while."  Other credible evidence demonstrated that the marriage was seriously troubled prior to the date of separation.  The fact that wife admitted leaving the marital home does not, by itself, establish desertion.  We find no error in the commissioner's finding that husband failed to provide sufficient corroboration to support his claim that wife willfully deserted the marriage.

Moreover, a trial court is "not compelled 'to give precedence to one proven ground of divorce over another.'"  Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted).  "It is well established that 'where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'"  Id. (citation omitted).  The evidence proved that the parties lived separate and apart without interruption in excess of one year.  Therefore, we will not disturb the decision to award the parties a divorce on the ground of a one-year separation.

## Attorney's Fees and Costs

Husband contends that the trial court erred by ordering him to pay all costs and $5,000 in wife's attorney's fees.  An award of attorney's fees and costs is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326,

-

333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  While husband argued that wife was at fault in the breakdown of the marriage, it was apparent from the evidence that the parties had ongoing marital problems.  Husband was the primary wage earner during the marriage and had substantially greater financial resources than wife.  Based upon the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

### Sale of the Marital Residence

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal."  Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

Husband contends that the trial court erred by ordering the sale of the marital residence.  He contends that the evidence supported his assertion that their daughter's best interests

-

would be served by living in the same school district.  We find no error.

Code § 20-107.3(C) authorizes the trial court to order the division or transfer of jointly owned marital property.  The parties presented appraisal values for the marital residence that ranged between $77,000 to $91,000, due in part to the home's need for repairs.  The commissioner found that "[t]he value of this house and any equity therein were not established by a preponderance of the evidence."  It was within the discretionary authority of the trial court to order the sale of the residence as a reasonable means to divide the parties' equity in the property.

Furthermore, husband presented no evidence to support his claim that it was in their daughter's best interest to remain in the residence.  Evidence indicated that the daughter had not lived continually in the home since January 1997 and had only recently entered the local public school.  Other evidence indicated that the daughter was attached to both parents but was interested in residing with the parent with whom her brother was not residing.  This further suggests that the marital residence did not have the significance to the daughter which husband claimed.  In light of the evidence presented to the commissioner, we find no reversible error in the trial court's decision requiring the sale of the marital residence.

-

## Post-Separation Mortgage Payments

Husband sought credit for post-separation mortgage payments.

> Although the separate contribution of one party to the acquisition, care, and maintenance of marital property is a factor that the trial court must consider when making its award of equitable distribution, Code § 20-107.3 does not mandate that the trial court award a corresponding dollar-for-dollar credit for such contributions.

von Raab v. von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997). Husband was the primary wage earner during the marriage. The continued mortgage payments benefited both parties. Husband presented no evidence demonstrating the amount by which there was an increase in equity due to his post-separation payments. Under these circumstances, we find no abuse of discretion in the commissioner's failure to award husband credit for any post-separation mortgage payments.

## Credits to Wife

Husband also contends that the commissioner erred in crediting wife with $5,000 as her separate property. The evidence established that wife received $5,000 from her father, which she testified she used towards the down payment on the marital residence. As the commissioner's finding is supported by the evidence, we find no error.

-

Husband also contends that the commissioner erred by failing to credit him for $11,000 in separate funds that he contributed to the marital residence.  See Code § 20-107.3(A)(3).  At the hearing, husband testified concerning $11,000 in inherited bonds as follows:

> A:  That is why I am not sure if I used the remainder in '95.  It might have been '96 that I used the bulk of that to do the repairs, and I think it probably was, for the bathroom, insulating the attic up in the overhead, --
>
> Q:  Okay.
>
> A:  --kitchen cabinets.  We bought two, three.
>
> Q:  All right.  So you spent how much, do you think, on the house for repairs, improvements?
>
> A:  I would say probably ten.

Wife admitted that husband used inherited funds to make home repairs and improvements to the bathroom, but disputed the estimate of $10,000.  Neither party introduced receipts to establish what repairs or improvements were completed.

Expenditures for routine maintenance and upkeep do not add to the value of marital property.  "[A]lthough the customary care, maintenance, and upkeep of a residential home may preserve the value of the property, it generally does not add value to the home or alter its character . . . ."  Martin v. Martin, 27 Va. App. 745, 756, 501 S.E.2d 450, 455 (1998).  There was no evidence introduced to establish that the home's value was

-

increased by husband's contributions.  The party seeking to recover separate property commingled with marital property bears the burden to retrace the property by a preponderance of the evidence.  See, e.g., Code § 20-107.3(A)(3)(d).  Based upon the scarcity of evidence produced by husband to support his claim, we cannot say that the commissioner erred by failing to credit husband for a contribution of separate property.

<u>Value of Window-Washing Business</u>

Husband contends that the commissioner erred by failing to consider the value of wife's window-washing business.  The evidence indicated that the parties formed the business in 1981, during the marriage.  Wife testified that the business was incorporated in 1993.  The commissioner found that the business had "little value and few assets," and awarded the business to wife.

We find no reversible error in the commissioner's decision that the business had little value or his determination to award the business to wife.  While husband pointed to over $4,000 in assets listed on the business' 1997 income tax return, he failed to note that over $3,900 of those assets was cash.  The evidence established that wife operated the business on a part-time basis, working about fifteen hours a week to accommodate the children's schedule.  Despite extensive cross-examination, the evidence did not demonstrate that wife had substantially more income than the $550 average monthly income she claimed or that

-

the business had substantially greater assets.  Husband failed

to demonstrate error in the commissioner's determination.

## Spousal Support

Husband contends that the commissioner erred in awarding

wife $450 in monthly spousal support.

> In awarding spousal support, the chancellor
> must consider the relative needs and
> abilities of the parties.  He is guided by
> the . . . factors that are set forth in Code
> § 20-107.1.  When the chancellor has given
> due consideration to these factors, his
> determination will not be disturbed on
> appeal except for a clear abuse of
> discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829

(1986).

Husband's argument rests largely on his allegation that wife

was not entitled to support because she deserted the marriage.  As

the commissioner rejected a fault-based ground for divorce,

husband's argument is without merit.  While husband also contends

that wife had substantial other financial resources, we find no

abuse of discretion.  Husband refers to the fact that wife had a

real estate license, but failed to note that wife never worked as

a real estate broker.  There was no evidence introduced supporting

husband's claim that wife could earn "far in excess of what she

now earns."  We find no merit in husband's argument.

-

## Property Settlement Agreement

Husband contends that the commissioner failed to consider the parties' property agreement when equitably distributing the parties' property. We find no merit in husband's contention. The parties stipulated that certain items were wife's separate property. The commissioner did not ignore these assets. In the section on child support, the commissioner's report stated:

> Husband argues that income from wife's I.R.A. should be imputed to her. This Commissioner declines to do so. If such imputation is made, the same treatment would be given similar investments owned by the husband as well as the $200,000.00 in Government Bonds which he attempted to burn.

In his discussion of spousal support, without quantifying any income available to husband as a result of the $200,000 in bonds, the commissioner noted that "husband has considerable financial resources." Thus, the commissioner's report indicated that he considered the parties' assets, including the property designated as wife's separate property pursuant to the parties' agreement. We find no indication that the commissioner failed to consider relevant evidence or erred in weighing the statutory factors.

## Custody of Parties' Son

"In determining custody, the court shall give primary consideration to the best interests of the child." Code § 20-124.2(B). The evidence presented to the commissioner indicated that the child had serious problems, including

-

depression.  His former therapist noted that the child was angry with himself, but also expressed anger at his father.  The therapist noted that the child was doing better while in wife's custody and that wife had done everything that the therapists asked her to do.  Husband had not been involved in the child's therapy.  The evidence also indicated that the parties agreed husband should have custody of the parties' daughter and that it was in her best interests not to reside with her brother.  The commissioner's determination that it was in the best interests of the children for wife to have custody of the son is supported by the evidence and will not be disturbed on appeal.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>