COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Frank

JANET GILBERT MEZZY

MEMORANDUM OPINION*

v.    Record No. 1743-99-1                           PER CURIAM
                                                  JANUARY 18, 2000

MARK J. MEZZY


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

(Carl W. Isbrandtsen; Carl W. Isbrandtsen,
P.C., on brief), for appellant.

No brief for appellee.


Janet G. Mezzy (wife) appeals the equitable distribution decision of the circuit court.  Wife contends on appeal that the trial court plainly erred by (1) awarding Mark J. Mezzy (husband) fifty percent of wife's Fidelity IRA account #T104862513; (2) awarding husband fifty percent of wife's Fidelity SEP/IRA account #T104329904; (3) awarding husband fifty percent of wife's Fidelity IRA account #T104862513; (4) awarding husband fifty percent of the Merrill Lynch Children's College fund and in classifying the fund as marital property; and (5) awarding husband fifty percent of the marital portion of the equity in the marital residence.  Upon reviewing the record and opening brief, we

_____

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Evidence was heard by the commissioner in chancery, whose report is presumed to be correct.  "The commissioner has the authority to resolve conflicts in the evidence and to make factual findings.  When the commissioner's findings are based upon ore tenus evidence, 'due regard [must be given] to the commissioner's ability . . . to see, hear, and evaluate the witness at first hand.'"  Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citing Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984)).  "The decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent, and credible evidence."  Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1986).

## Fidelity IRA #T104862513

The parties agreed that this account was opened by wife prior to the marriage and that $4,000 of the amount of this IRA was wife's separate property.  The trial court found that the remaining balance of $17,935.50 was marital property, as it was contributed by wife during the marriage.  While wife argues that the marital contributions were transmuted into separate property because they were commingled, Code § 20-107.3(A)(3)(d) provides that

-

When marital property and separate property
are commingled by contributing one category
of property to another, resulting in the
loss of identity of the contributed
property, the classification of the
contributed property shall be transmuted to
the category of property receiving the
contribution.  However, to the extent the
contributed property is retraceable by a
preponderance of the evidence and was not a
gift, such contributed property shall retain
its original classification.

Funds earned and contributed by wife during the marriage were retraceable as marital property and, therefore, the trial court did not err in classifying those funds as marital.

While wife correctly notes that there is no presumption of equal division under Virginia law, neither can we say that the trial court erred in concluding that it was appropriate to make an equal division of the parties' marital assets.  See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). The trial court treated the marital assets claimed by both parties in the same way, dividing them equally between the parties.  Wife has failed to demonstrate sufficient grounds to reverse the trial court's decision to accept the recommendation of the commissioner.

## Fidelity SEP/IRA #T104329904

Wife concedes that this account was marital, as it was created during the marriage.  We find no reversible error in the trial court's decision to accept the recommendation of the

-

commissioner to equal by divide this marital asset between the parties.

## Fidelity IRA #T104862513

This account was created during the marriage. For the reasons previously stated, we cannot say that the trial court's decision to accept the recommendation of the commissioner that this account be divided in a manner identical to that used for other pieces of marital property was reversible error.

## Merrill Lynch Children's College Fund

Wife contends that the trial court erred in accepting the commissioner's report classifying this account as marital property and awarding husband a fifty percent interest. The fund was opened during the marriage and titled in wife's name. Although there was evidence that the parties agreed to use this fund for the children's education, the intended use of this money did not affect its classification as marital property. In contrast, the commissioner found that other property held in the children's name was not subject to equitable distribution. We find no error in the trial court's acceptance of the commissioner's recommendation concerning the classification of this account or the decision to divide the account equally between the parties.

## Baycliff Drive

Wife contends that the trial court erred by awarding husband fifty percent of the marital equity in the marital

-

residence. The commissioner found that the residence was part wife's separate property and part marital property. The evidence established that wife's parents gave wife $28,000 for the down payment on the house during the marriage. The commissioner found that an additional $1,000 contribution towards the down payment used marital funds. Wife's parents insisted that wife purchase the house solely in her name. The contract listed wife as the sole purchaser. Husband made no separate contributions toward the down payment of the house, and his name was placed on the deed by mistake. The parties reduced the outstanding mortgage by $9,773.35 through payments made during the marriage. Wife made the majority of these payments from her separate account, although husband made four payments toward the mortgage from his separate funds.

Based upon the Brandenburg formula, the trial court computed wife's separate share of the equity in the Baycliff Drive property and the marital share. See generally Hart v. Hart, 27 Va. App. 46, 64-66, 497 S.E.2d 496, 504-06 (1998). Wife received $75,783.85 as her separate share of the equity in the marital residence. The trial court determined that the marital portion was $29,158.79, and awarded husband fifty percent of the marital portion.

We find no reversible error. The house was purchased during the marriage, largely with wife's separate funds. However, the mortgage was paid during the marriage using marital funds. We

-

cannot say that the trial court's division of the equity in the Baycliff Drive residence was erroneous.

### Statutory Factors

Wife also argues that the commissioner and the trial court failed to consider the statutory factors set out in Code § 20-107.3(E) when making the equitable distribution decision. "A trial court, when considering these factors, is not required to quantify the weight given to each, nor is it required to weigh each factor equally, though its considerations must be supported by the evidence."  Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991).

> [U]nless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the equitable distribution award will not be reversed on appeal.

Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990).[1]

The commissioner considered the origin of the parties' property and the source of funds used to maintain the property. Wife sought a divorce on the grounds of cruelty and desertion,

---

[1] Although wife noted exceptions to the commissioner's report and the supplemental report concerning the classification and distribution of specific items of property, wife's only explicit reference to the consideration of the statutory factors was made, if at all, through an incorporated reference to an earlier memorandum.  At no point in her exceptions or objections did wife clearly raise the objection that the commissioner and the trial court failed to consider the statutory factors.

-

but the commissioner granted a divorce solely on the grounds of the parties living separate and apart in excess of one year. The commissioner noted that husband was convicted in 1995 for counterfeiting food stamps and that husband sold marijuana for a number of years, without wife's knowledge. Nonetheless, the commissioner found that husband spent time with the parties' children and was a good father "to the best of his ability."

Wife failed to note with specificity which statutory factors were not considered by the commissioner or how those factors would have affected the court's equitable distribution award.

> Although the appellant argues that the trial court did not consider all of the statutory factors, [her] brief fails to identify which factors were not considered and how they would have affected the trial court's determination. Since this argument was not fully developed in the appellant's brief, we need not address this question. Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief.

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (citation omitted). Wife, therefore, has failed to prove any grounds for reversing the equitable distribution for failure to properly consider the statutory factors set out in Code § 20-107.3(E).

-

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>