COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


JAMES WARE KELLEY, JR.

MEMORANDUM OPINION[*] BY
v.   Record No. 0896-99-2      JUDGE NELSON T. OVERTON
                                AUGUST 1, 2000
ALICE CHILTON KELLEY


FROM THE CIRCUIT COURT OF NORTHUMBERLAND COUNTY
Joseph E. Spruill, Jr., Judge

Mary Burkey Owens (Ishneila Ingalls Gubb;
Cowan & Owen, P.C., on briefs), for
appellant.

Thomas Scott Word, III (Matthew N. Ott, P.C.,
on brief), for appellee.


James Ware Kelley, Jr. (husband) appeals the decision of the

circuit court accepting the equitable distribution recommendations

of the commissioner in chancery.  Husband contends that the trial

court erred (1) by failing to include any appreciation in value

for his contribution of separate property to certain tracts or

parcels of land owned by the parties; (2) by failing to credit

husband with his separate, monetary contributions to the marital

home; and (3) by awarding Alice Chilton Kelley (wife) $20,000 in

attorney's fees.  Wife contends that the trial court erred when it

accepted the recommendation of the commissioner that the business

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

known as "Kelley's Seafood" was husband's separate property. We find that the trial court erred when it failed to properly calculate the passive appreciation value of husband's separate property portion of the marital residence and the land on which husband constructed the cinder block freezer. We vacate the award of attorney's fees to wife and remand that matter to the trial court. We find no error in the classification of the Kelley Seafood property as husband's separate property. We deny wife's request for appellate attorney's fees. Accordingly, we affirm in part, reverse in part and remand the decision of the circuit court.

The evidence was heard by the commissioner in chancery, whose report was accepted largely unchanged by the trial court.

> The commissioner's report is deemed to be prima facie correct. The commissioner has the authority to resolve conflicts in the evidence and to make factual findings. When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand." Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted). "The decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent, and credible

evidence." Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1986).

## Marital Residence

The evidence established that, shortly before the parties' marriage in 1960, husband was deeded a two and one-half acre parcel of unimproved land on Dividing Creek as a gift from his parents. This land, valued at $5,000 at the time of the gift, was the site on which the parties built the marital residence. Husband's parents also gave him $4,985 in cash towards construction of the marital residence. The commissioner found that these funds were a wedding gift to the couple in consideration of their upcoming marriage. Husband obtained a $15,000 mortgage, also before the marriage, which was repaid during the marriage with marital assets.

Based upon the evidence introduced at the hearing, pursuant to Code § 20-107.3(A)(3), the commissioner classified the marital residence as part husband's separate property and part marital property. The parties did not contest that classification. The commissioner found that husband proved the parents' gift of the land on which the house was built was a separate gift to him and was separate property worth $5,000.

Code § 20-107.3(A)(3) provides the equitable distribution scheme for "hybrid" property composed of both marital and separate property. See Rahbaran v. Rahbaran, 26 Va. App. 195, 494 S.E.2d 135 (1997). In this instance, there was no loss of

- 3 -

identity of husband's separate property in the acquisition of newly acquired property. Cf. Code § 20-107.3(A)(3)(e). The real estate was never retitled or gifted or transmuted into marital property and remained the husband's separate property.

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.
>
> For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value. Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

Code § 20-107.3(A)(3)(a); see generally Holden v. Holden, 31 Va. App. 24, 520 S.E.2d 842 (1999). On the other hand, the improvement on the realty, that being the house, was constructed with funds that were a joint gift to the parties and with a loan that was repaid with marital funds. Thus, the property was hybrid, consisting of the value of the real estate being separate property and the home or improvement being marital.

In Hart v. Hart, 27 Va. App. 46, 497 S.E.2d 496 (1998), we noted that the formula commonly referred to as the Brandenburg formula is one acceptable means by which a chancellor may

determine the parties' respective shares in an asset consisting of separate and marital property which has increased in value during the marriage. However, in this instance, where there was an alternative means by which the appreciation in value of husband's separate property could be determined, reliance on the Brandenburg formula may have deprived husband of his appropriate share of the increased equity.

The commissioner accepted as credible evidence the tax records presented by husband. Those records indicated that the value of the marital contributions was $189,179, of which $98,600 represented the value of the land. Wife's real estate expert testified that the tax assessment for the land was $102,350. The expert appraised the property at $238,500, of which $128,000 was the appraised value attributable solely to the land. Using the Brandenburg formula, the commissioner determined that the marital share of the property was $226,646.55 and that husband's separate contribution of the land worth $5,000 translated to a credit of $6,129.45 as his separate property share of the marital residence.

Wife argues that there is no support in Virginia law for husband's contention that the land and the residence should be separately classified as marital and separate property and separately valued. We find nothing in Code § 20-107.3 and the cases that have construed the statute that prohibits such classification and valuation when warranted under the facts.

The definition of "real estate" set out in Code § 1-13.12 is not in itself persuasive authority governing the valuation of hybrid property.  Wade v. Wade, 325 S.E.2d 260 (N.C. App. 1985), which wife cites as authority arises under a different statutory scheme and a different factual setting and is unpersuasive.  Furthermore, the court in Wade noted that parties could agree by express or implied contract whether a house and the land to which it was affixed were a single asset.  See id. at 267.  Moreover, under our current statutory scheme, a single asset no longer must be classified as unitary property but may be hybrid property, that is, part marital and part separate.  See Code § 20-107.3(A)(3)(a).  Accordingly, the separate and marital proportions must be valued separately.

Here, the parties agreed that the land on which the marital residence was built was husband's separate property.  Thus, the separate and marital property necessarily had to be separately valued.  Wife's real estate expert described the property as "a beautiful waterfront lot on Dividing Creek with a [Chesapeake] Bay view" and "an exceptionally nice waterfront lot."  The commissioner's finding that husband's separate waterfront property valued at $5,000 in 1960 was worth only $6,129.45 in passive appreciation in 1999 is plainly wrong.  But, even so, the trial court did not find any appreciation in value in the real estate even though all appraisals and the tax records showed that the real estate and improvements had substantially

- 6 -

increased in value. While husband failed to introduce expert testimony concerning the increased value attributable to passive appreciation in the real property, other evidence established a value for the land between $98,600 and $128,000. The commissioner found that "the increase in value of the marital residence (land and improvements) is entirely marital because the land itself increased in value as a result of the addition of the improvement." The evidence does not support that finding. No expenditure of marital assets or personal effort caused the passive increase in the value of the real property. The appreciation in the value of the marital residence over the past forty years was due, at least in part, strictly to a passive appreciation in the value of such prime real estate. See Moran v. Moran, 29 Va. App. 408, 414-17, 512 S.E.2d 834, 837-38 (1999). Because the value attributable to husband's separate property at the time of the hearing was greater than its initial value, it was error for the commissioner and the trial court to fail to credit husband with a greater share of the total value of the marital residence.

## Cinder Block Freezer

The parties agreed that the one-acre tract on which the cinder block freezer used in the Kelley Seafood business was built was husband's separate property and that the freezer was marital property. The commissioner accepted husband's evidence that the land was worth $600 at the time husband received this

property from his parents.  Wife argued that the cost of the subsequent improvements determined the value of the marital share.  However, under Code § 20-107.3(A)(3)(a), when valuing separate and marital property portions of hybrid property, it does not follow that expenditures of marital assets automatically result in increases in the value of the marital portion.  See Moran, 29 Va. App. at 412, 512 S.E.2d at 835-36.  The party seeking to prove the value of the marital portion must establish not only the expenditure of marital funds but also that the funds increased the value of the hybrid property.

> The increase in value of separate property becomes marital if the expenditure of marital funds or a married party's personal efforts generated the increase in value. The significant factor, however, is not the amount of effort or funds expended, but rather the fact that value was generated or added by the expenditure or significant personal effort.

Id. at 412, 512 S.E.2d at 836; see also Martin v. Martin, 27 Va. App. 745, 753-58, 501 S.E.2d 450, 454-56 (1998) (en banc); Hart, 27 Va. App. at 65, 497 S.E.2d at 505.

It was uncontested that marital assets were used to build the cinder block freezer.  While the commissioner rejected wife's evidence of value based on marital funds expended, he accepted her evidence of value based upon the tax assessment records.  The commissioner found that husband failed to prove that any part of the increased value was not due to marital contributions.  See Code § 20-107.3(A)(3)(a).  The commissioner

found that the hybrid property was worth $35,114, of which $600 was husband's separate property.

Evidence established that husband's separate property was valued at $8,000, a value attributable to passive appreciation of husband's separate property. Therefore, husband was also entitled to the increased equity attributable to his separate property. We find that the commissioner erred in failing to credit husband with the passive increase in value of his separate property.

### Kelley's Seafood

Wife contends that the trial court erred when it ruled that the Kelley Seafood property, consisting of the freezer and improvements to the building and the business in which husband inherited a remainder interest subject to his mother's life estate, was husband's separate property. Wife does not contest that some portion of this property is husband's separate property, but asserts that husband expended marital funds to improve the property from its value of $4,400 at the time of inheritance to $133,291 in 1997.

Wife asserts that a $40,000 loan during the marriage for improvements to the property was a contribution of marital assets. Wife also asserts that husband should have borne the burden of proving that the increased value was not caused by contribution of marital property or personal effort. According

to wife, the error resulted in her receiving $9,632 less in her monetary award.

We find no error.  The commissioner found that wife's evidence that marital funds were expended was insufficient to prove that husband's separate property increased in value.  See Martin, 27 Va. App. at 753-58, 501 S.E.2d at 454-56.  The evidence supports that finding.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  The parties presented evidence that they each paid approximately $50,000 in attorney's fees prior to the hearing before the commissioner.  The commissioner recommended an award to wife of $11,000 in attorney's fees, based in part on husband's failure to comply with discovery requests and in part on husband's assertion of claims that the commissioner found to be without legal merit.  The trial court increased the award to $20,000, noting that husband refused to settle for $100,000 early in the litigation but was ordered to pay wife a lump sum amount of $117,659.98 at the conclusion.  The commissioner chastised husband for deleterious compliance with discovery requests.  Based on the

- 10 -

credibility determinations made by the commissioner and accepted by the trial court, we cannot say that an award of fees due to discovery violations was unreasonable or an abuse of discretion.

However, because we find that husband's arguments concerning the value of his separate property had merit, it would be inappropriate to award attorney's fees attributable to his attempts to persuade the commissioner or the trial court to accept those arguments. Accordingly, we vacate the award of attorney's fees, and, on remand, direct the trial court to reconsider the amount of attorney's fees awarded to wife for reasons other than his unwillingness to settle the case during the early stages of litigation.

### Appellate Attorney's Fees

Finally, wife argues that she is entitled to an award of appellate attorney's fees as a result of husband's continued "assertion of flawed legal arguments." We decline to award wife attorney's fees related to this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, we reverse the decision of the circuit court as to the value of husband's separate real property on which the marital residence and cinder block freezer were built, and remand these matters for reconsideration in accordance with this decision. We vacate the trial court's award of $20,000 to wife in attorney's fees and remand that matter for reconsideration in

accordance with this decision.  We affirm all remaining aspects of the circuit court's decision.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>vacated in part,</u>
<u>and remanded.</u>