**Norfolk**

RICHARD C. KERR

v.

JO ANNE KERR

No. 1212-87-1

Decided August 16, 1988

COUNSEL

James R. McKenry (Thomas A. Gustin, Heilig, McKenry, Fraim & Lollar, on brief), for appellant.

John W. Hall (Eddie W. Wilson, on brief), for appellee.

OPINION

**BARROW, J.** — In this domestic relations appeal the husband contends that he should have been awarded a divorce on the ground of desertion because the wife refused to move with him when he was transferred to another city by his employer; however, we conclude that the evidence supported the trial court's finding that the wife was justified in not accompanying the husband and that the decree should be affirmed.

The parties' long marriage had deteriorated during recent years. They married in 1962, but in 1981 the parties separated for a period of time. The wife moved out of the state with the children. However, they reconciled and resumed living together in 1982. The wife testified that their relationship again deteriorated and by mid-1984 serious difficulties in the relationship had returned. They slept in different rooms, and sexual intercourse ceased. The husband took complete control of the household finances by terminating all joint bank accounts and credit accounts, paying all bills and doing all shopping. The wife testified that the husband would go out "just about every night and would frequently return home intoxicated." She said he came home intoxicated four to five times a week, and that he frequently and profanely insulted her, often in front of their children. She also testified that her husband often refused her requests for money and that she was not able to buy clothes for herself.

In 1985, the husband's employer requested that he move from Chesapeake to Fredericksburg to manage a new company office. The move would bring the husband a promotion and salary increase. The wife refused to move to Fredericksburg with her husband, who ultimately moved there alone in early 1986. The wife subsequently filed for divorce based upon constructive desertion and the husband cross-filed on the ground of desertion.

The circuit court referred the matter to a commissioner in chancery, who determined that the husband's "misconduct within the marriage constituted sufficient 'legal excuse' " to justify the wife's decision not to join her husband in Fredericksburg. He further recommended "that neither party to this cause be awarded a divorce at this time." The commissioner then proceeded to determine issues of spousal and child support.

After overruling both parties' exceptions, the circuit court confirmed and approved the report of the commissioner in chancery. The court did not award a divorce to either party and ratified the commissioner's recommendations as to child custody, spousal support, and child support. The husband then appealed to this Court.

■ The husband asserts that he "has the right to select the place of abode and a wife must acquiesce in such selection." *Martin v. Martin*, 202 Va. 769, 775, 120 S.E.2d 471, 475 (1961); *Nash v. Nash*, 197 Va. 465, 470, 89 S.E.2d 917, 921 (1955);

*Graves v. Graves*, 193 Va. 659, 661, 70 S.E.2d 339, 340 (1952). In response, the wife contends that this principle is unconstitutional. A law which explicitly discriminates based on gender is unconstitutional absent a showing that it substantially furthers an important government interest. *Kirchberg v. Feenstra*, 450 U.S. 455, 459-60 (1981); U.S. Const. amend. XIV; *see also* Va. Const. art. I, § 11.

However, we need not consider the constitutionality of the husband's contention because a more recent development in the law of Virginia has supplanted the asserted principle that a wife must follow her husband's choice of abode. A party to a marriage may now, for reasons that do not constitute grounds for divorce, terminate marital cohabitation without necessarily committing desertion. *Brawand v. Brawand*, 1 Va. App. 305, 310, 338 S.E.2d 651, 653 (1985). The legal significance of leaving the marital abode is not determined by gender related considerations. Instead, the legal consequence of leaving the marital home is determined by whether the party is justified in doing so.

Justification for leaving the marital home, according to those cases which have dealt with this issue, arises where the conduct of the other spouse has caused conditions in the marital home to be intolerable. In *Graham v. Graham*, 210 Va. 608, 172 S.E.2d 724 (1970), evidence indicated that "[t]here was almost continuous discord, jealousy, arguments, coarse and abusive language, violent outbursts of temper and two physical assaults." *Id.* at 614, 172 S.E.2d at 728. The Court held that such testimony "established justification for defendant's desertion of plaintiff" and that neither party was entitled to a divorce. *Id.* at 616, 172 S.E.2d at 730.

In *Rowand v. Rowand*, 215 Va. 344, 210 S.E.2d 149 (1974), the Court would not award a divorce to the wife based on the sole ground that the husband demanded that she "get out" of the marital abode. The Court also held, however, that even though the wife left the home, she was free from legal fault since the husband's demands that she "get out" were unjustified and unprovoked by any legally cognizable misconduct on her part. *Id.* at 346, 210 S.E.2d at 151. The Court noted that if a wife is run away from home by her husband, she is not guilty of desertion. *Id.* In *Capps v. Capps*, 216 Va. 382, 219 S.E.2d 898 (1975), the wife relied on a single instance of physical abuse by her husband to

support her claim of cruelty. The Court held that this was insufficient to establish a divorce grounds. The Court continued, however, that the husband's conduct did not entitle him to a divorce on the ground of willful desertion since his wife left the home "without legal fault." *Id.* at 385, 219 S.E.2d at 900.

In *Breschel v. Breschel*, 221 Va. 208, 269 S.E.2d 363 (1980), the Court held that a wife who was suffering from multiple sclerosis was free from legal fault in leaving her husband because she reasonably believed her health was endangered by remaining in the household and because other measures short of leaving proved unsuccessful.

This Court confronted the "legal excuse" issue in *Brawand*. In that case, the husband engaged in violent, verbal outbursts and spoke language "which reasonably could be interpreted as threatening." *Brawand*, 1 Va. App. at 311, 338 S.E.2d at 654. We held that "the cumulative effect of these incidents and other marital strife" gave the wife ample excuse to leave. *Id.*

Most recently, in *Sprott v. Sprott*, 233 Va. 238, 355 S.E.2d 881 (1987), the Court declined to hold that a gradual break down in a marital relationship justified one spouse in leaving the other. The Court observed that the wife in that case had left the marital home because of a "psychological wall" she had built between herself and her husband and, therefore, it was not the conduct of the husband that had prompted the wife to leave. *Id.* at 242, 355 S.E.2d at 883.

As a group, these cases establish that a party may be justified in leaving a marital abode even if grounds of divorce do not exist and may do so without committing desertion. Although these cases express no fixed formula for determining when justification exists, they recognize the underlying premise that leaving the marital home is justified when a spouse's conduct creates conditions so intolerable that the other spouse cannot reasonably be expected to remain in the home. *See Graham*, 210 Va. at 616, 172 S.E.2d at 730. This justification may exist even if the conduct of the leaving spouse "may have contributed in some measure to the marital difficulties" so long as the other spouse's conduct is disproportionate to any provocation. *Id.*

■ Justification for leaving the marital home need not and does not equate with that misconduct necessary to establish grounds for divorce. *Breschel*, 221 Va. at 212, 269 S.E.2d at 365; *Brawand*, 1 Va. App. at 310, 338 S.E.2d at 653. One spouse may not leave the other and successfully claim constructive desertion without proving that the other's misconduct constituted ground for divorce. *Breschel*, 221 Va. at 211-12, 269 S.E.2d at 365-66.

■ The burden of going forward with the evidence rests on the party claiming justification. Once a prima facie case of desertion is established, unless justification appears from the evidence presented by the party proving desertion, the other party has the burden of going forward with the evidence to show justification for having left the marital home. *Breschel*, 221 Va. at 211, 269 S.E.2d at 365; *Graham*, 210 Va. at 610, 172 S.E.2d at 726; *Brawand*, 1 Va. App. at 310, 269 S.E.2d at 653-54.

This approach is equally applicable to a spouse who refuses to move from the marital home when the other spouse, because of job opportunity or other reason, moves and attempts to establish a new marital home. Whether desertion has occurred depends upon the justification for one spouse's decision to establish a new marital residence and the other's justification for refusing to follow. This determination is not dependent on the spouse's gender; therefore, the outmoded expectation that a wife is expected to follow her husband's change of abode is no longer applicable.

This case closely parallels that of *Graham*. In that case, the Supreme Court found justification for the wife's leaving the marital home where the marriage had become intolerable because of "disparity in ages, the strained relationship between defendant and plaintiff's family, financial difficulties and differences in temperament" which resulted in "almost continuous discord, jealously, arguments, coarse and abusive language, violent outbursts of temper and two physical assaults." *Graham*, 210 Va. at 614, 172 S.E.2d at 728. Even though the Court found the husband's "conduct subversive of the family relations," it concluded that neither party was entitled to a divorce based on that evidence but that the wife was justified in leaving the marital home. *Id.* at 616, 172 S.E.2d at 730. In this case the marital relationship had also become intolerable. The parties had previously separated. They slept in different rooms. Sexual intercourse had ceased. The husband had asserted economic control, refusing the wife money even

for clothing. He used alcohol excessively, often absented himself from the home and profanely, verbally abused the wife, even in the presence of their children.

This evidence sufficiently supports the trial court's findings that the wife was justified in not joining her husband when he moved to Fredericksburg. This was the finding of the commissioner to whom the case had been referred. This finding is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent and credible evidence. *Brawand*, 1 Va. App. at 308, 338 S.E.2d at 352; *see also Hoback v. Hoback*, 208 Va. 432, 435-36, 158 S.E.2d 113, 116 (1967). Therefore, we affirm the trial court's decree.

*Affirmed.*

Baker, J., and Benton, J., concurred.