## CIRCUIT COURT OF FAIRFAX COUNTY

Claude A. Rogers

    v.

Kimberly A. Rogers

December 22, 1988

Case No. (Chancery) 104853

By JUDGE RICHARD J. JAMBORSKY

This case is currently before this Court on the Complainant's motion to sustain the Commissioner's Report and to deny the Defendant's Exceptions to the Commissioner's Report.

The Defendant has objected to the Commissioner's Report on the ground that: (1) the evidence at the Commissioner's hearing does not support a finding of desertion on the part of Mrs. Rogers; (2) the evidence supports a finding of desertion on the part of Mr. Rogers; (3) the denial of the motion to strike was in error; and (4) the refusal to allow the Complainant's letter into evidence was in error.

Based on a review of the Commissioner's hearing, report and memoranda submitted by both parties, this Court is of the opinion that the exceptions to the Commissioner's report should be overruled.

Pursuant to § 8.01-610 of the Virginia Code, the Court will not confirm a Commissioner's report if unsupported by the facts.[1] Based on the testimony presented at the Commissioner's hearing, there was sufficient evidence that the parties had discussed their future living arrange-

---

[1] Jamison v. Jamison, 3 Va. App. 644, 352 S.E.2d 719 (1987).

ments while they were still present in Saudi Arabia (i.e., Mrs. Rogers was, therefore, aware of where her husband would be living upon her return to the states); that the Defendant expressed her dismay and reluctance to live in the places suggested by the Complainant; and that the Defendant immediately upon her return to the United States removed her possessions from the Warrenton house (without an adequate explanation other than she was checking her possessions for damages). Even on cross-examination, the Defendant testified that she had consulted an attorney to discuss the possibility of divorce. The Defendant has offered reasons[2] for her separation from the Complainant; however, the evidence does not support the reasons given as justification for the Defendant's separation.

The Virginia Court of Appeals in *Kerr v. Kerr*, 6 Va. App. 620 (1988), noted that desertion may be established where one spouse refuses to follow the other spouse who has changed the marital residence because of a job opportunity or other reasons. The Court further explained that "whether [or not] desertion has occurred depends upon the justification for one spouse's decision to establish a new marital residence and the other's justification for refusing to follow." *Id.* at 152. Based on the above Virginia law and the evidence produced at the Commissioner's hearing regarding the husband's reasons for moving and the wife's reasons for refusing to join the husband, the findings of the Commissioner do not appear unwarranted and are, therefore, confirmed by the Court.

The Defendant has also objected to the Commissioner's denial of the Defendant's motion to strike. Based on the above discussion, the Commissioner had sufficient evidence of desertion on the part of Mrs. Rogers and was correct in denying the motion.

Lastly, the Defendant has objected to the Commissioner's refusal to allow a letter of the Complainant's into

---

[2] Those reasons being: (1) the husband's choice of abodes were "unreasonable, arbitrary, unjust and designed to provoke the dissolution of the marriage" because (a) the wife advised the complainant that she did not want to stay with his mother, and (b) because of a fear of residing in a high rise apartment, (2) the Complainant failed to answer phone calls and letters and never told the defendant where he would be living.

evidence. This Court affirms the Commissioner's ruling that this evidence was inadmissible. The letter was not properly authenticated and was hearsay not within any of the hearsay exceptions.