JASPER CALVIN LEE

v.

RHODA EVELYN LEE

No. 0022-91-3

Decided September 17, 1991

■■■■■■

COUNSEL

Donald G. Hammer (D. Burke Graybeal; Burke, Graybeal and Hammer, on brief), for appellant.

Charles F. Lincoln (Lincoln & Graham, on brief), for appellee.

OPINION

DUFF, J.—Jasper Calvin Lee ("Jasper") appeals from a final decree awarding Rhoda Evelyn Lee ("Rhoda") a divorce based upon continuous separation for a period in excess of one year, spousal support, equitable distribution and attorney's fees. Three issues are presented for our determination: (1) whether the court erred in failing to award Jasper a divorce based upon willful desertion; (2) whether the court made an appropriate equitable distribution award which properly considered all the factors of Code § 20-107.3(E); and (3) whether the court erred in awarding spousal support to Rhoda. For the reasons which follow, we affirm in part, reverse in part and remand.

Jasper and Rhoda were married on November 16, 1949. They lived together until May 19, 1989, when Rhoda left the marital residence. The parties had three children, all of whom are emancipated. At the time of their marriage, Jasper was fifty percent disabled from military service during World War II. This disability worsened over the years until he became 100 percent disabled in 1970, at which time his disability income was increased. In 1986, Jasper suffered a stroke and since then has been unable to care for himself. A son, Dennis Michael Lee, has resided in the home since childhood and has assisted his father with his personal care. He has maintained the home and has done all of his shopping and cooking, as well as part of the laundry and housecleaning.

The family was supported by the disability income of Jasper, as well as various jobs he held until his disability increased. In 1965, Rhoda began to operate a restaurant business. She discontinued working in 1972 because of problems with her feet. She has undergone several operations and has not worked since 1972.

Jasper named his son, Dennis Michael Lee, as a co-signatory on his checking account, and Michael has paid all the household bills from that account for several years. He also has paid a weekly personal allowance of $20 to Rhoda throughout the years, which she used for playing bingo. In an attempt to get more money, Rhoda forged several checks on Jasper's checking account. The record contains evidence that she admitted the forgeries and also that she stole money out of Jasper's billfold on one occasion. Upon learning of this theft, Jasper terminated her weekly personal allowance. Rhoda then filed a petition for support which was dismissed, as the parties were still living together. Rhoda subsequently left the marital residence and filed this proceeding, requesting spousal support and equitable distribution. Jasper filed a cross-bill seeking a divorce on the grounds of desertion.

The record shows that the parties' assets consist of a jointly owned home having an approximate value of $42,800; a certificate of deposit in Jasper's name in the amount of $100,000; Jasper's veterans disability pension of $1,556 per month, and a Social Security payment of $460 per month; Jasper's checking account of approximately $8,000; three automobiles; household furnishings and some guns.

Jasper first contends that the court erred in not finding Rhoda guilty of desertion. We agree. It is undisputed that Rhoda left the home after the court refused her petition for support. However, the record further shows that Jasper had always provided food, clothing, and a home for Rhoda. No evidence established that she was afraid of Jasper or that he ever struck her or harmed her in any way. He saw that she received a personal allowance weekly.

Rhoda argues on brief that she was deprived of her station in the household and was not allowed to share in any of the financial decisions because their son had been given the sole responsibility of the checking account. She argues that she shared in the house work, the cooking and cleaning, but was not allowed equal standing in the household otherwise. She left the marital household for

this reason.

We begin our analysis by examining whether the record contains evidence which would justify Rhoda leaving the household. If not, under the facts in this record, Rhoda was guilty of desertion.

"[A] party may be justified in leaving a marital abode even if grounds of divorce do not exist and may do so without committing desertion." *Kerr v. Kerr*, 6 Va. App. 620, 624, 371 S.E.2d 30, 33 (1988); *Breschel v. Breschel*, 221 Va. 208, 269 S.E.2d 363 (1980). "[L]eaving the marital home is justified when a spouse's conduct creates conditions so intolerable that the other spouse cannot reasonably be expected to remain in the home." *Id.*

No evidence established that Jasper's conduct constituted cruelty, nor did any evidence establish that Rhoda reasonably believed her health or well being was endangered by remaining in the marital home. *See Brawand v. Brawand*, 1 Va. App. 305, 338 S.E.2d 651 (1986); *D'Auria v. D'Auria*, 1 Va. App. 455, 459, 340 S.E.2d 164, 166 (1986).

In short, we find no evidence in the record before us supporting the trial court's finding of legal justification for Rhoda's leaving the marital home. The court erred in not awarding Jasper a divorce on the ground of desertion. Accordingly, the award of spousal support must be vacated. Upon remand, the court shall take into consideration Rhoda's desertion in determining the amount of spousal support pursuant to Code § 20-107.1.

Jasper further alleges that the court erred in making a monetary award of $29,000 to Rhoda because "the court has assigned to Rhoda a sum of money which must come out of separate property." The court found Jasper's $100,000 certificate of deposit to be marital property, which he assigns as error because he claims the source of this certificate of deposit was his V.A. disability payments.

However, no evidence in the record established that the certificate of deposit was directly traceable to Jasper's disability payments. Therefore, the court did not err in classifying the certificate of deposit, which was purchased during the marriage, as marital property. Property acquired during the marriage is presumed to be marital property, unless there is sufficient evidence

that it is separate property. *Rexrode v. Rexrode*, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986). "The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut this presumption." *Id.*

Accordingly, the decree appealed from is

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Willis, J., concurred.