COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


ERIC L. BYROM
                                          MEMORANDUM OPINION[*]
v.   Record No. 2174-97-4                     PER CURIAM
                                           MARCH 10, 1998
BETTY JEAN LAYNE-BYROM


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         John E. Kloch, Judge

             (Bobby B. Stafford; Kathryn E. Coward; The
             Law Offices of Raby & Stafford, on brief),
             for appellant.

             (Robert M. Alexander, on brief), for
             appellee.



     Eric L. Byrom (husband) appeals the decision of the circuit

court awarding Betty Jean Layne-Byrom (wife) a divorce on the

basis of desertion.  Husband contends that the trial court erred

in (1) finding him guilty of deserting the marriage; (2) finding

that he was not legally justified in leaving the marital home;

and (3) granting wife spousal support.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

                              Desertion

     Husband contends that the trial court erred when it found

that the parties reconciled after a fight in May or June 1994 and

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that he subsequently deserted the marriage.  Wife was required to prove husband's desertion by a preponderance of the evidence.  See Bacon v. Bacon, 3 Va. App. 484, 488-90, 351 S.E.2d 37, 40-41 (1986).  We find that the trial court's decision is supported by credible evidence.

Husband left the marital home following an incident in which wife slapped him as he talked on the telephone to another woman.  According to husband's testimony, wife took a loaded gun which the parties kept by the bedside, hid it, and would not tell him where it was located.  While husband's testimony painted wife as the aggressor, he admitted that wife told her daughter to call the police and that the police took the weapons out of the house and told husband to leave.  While husband testified that he was afraid that wife might harm him, he admitted that he returned to the marital home voluntarily after wife's daughter was killed in a car accident in October 1994.  Husband denies that the parties reconciled at that point, but the evidence established that the parties stayed together in the marital home for four months, resumed sleeping together, and, at husband's suggestion, began marital counseling.  Therefore, the evidence supports a finding of reconciliation.

After staying in the marital home for four months, husband elected to discontinue marital counseling and left the home, knowing that wife did not want him to go.  The trial court was entitled to determine whether husband's testimony that he feared

2

for his safety at that time was credible.  Sufficient evidence supported the trial court's finding that husband deserted the marriage.

Husband contends that the trial court applied an erroneous standard to his claim of justification for leaving the marital home by requiring him to prove that he took all reasonable steps to address his concerns before leaving.  "[A] party may be justified in leaving a marital abode even if grounds of divorce do not exist and may do so without committing desertion."  Kerr v. Kerr, 6 Va. App. 620, 624, 371 S.E.2d 30, 33 (1988).

> [L]eaving the marital home is justified when a spouse's conduct creates conditions so intolerable that the other spouse cannot reasonably be expected to remain in the home.  This justification may exist even if the conduct of the leaving spouse "may have contributed in some measure to the marital difficulties" so long as the other spouse's conduct is disproportionate to any provocation.

Id. (citations omitted).  Husband bore the burden to prove that his departure was justified.  See Brawand v. Brawand, 1 Va. App. 305, 310, 338 S.E.2d 651, 653-54 (1986).

The trial court found no evidence that husband's action in leaving the marital home after the reconciliation was justified.  Husband admitted that there were weapons back in the home.  He indicated that he felt wife was unstable because she was taking medication for depression and because sometimes he would awaken and find her looking at him.  No evidence supports the conclusion that wife's conduct was so intolerable as to give husband no

3

alternative but to leave the marital home.  Husband's purported justification for his departure is not supported by the evidence.  Assuming without deciding that the trial court erred by requiring husband to prove he took all reasonable steps to address his concerns, we find that error to be harmless in light of the lack of evidence that husband's departure was justified by intolerable conditions in the marriage.

## Spousal Support

Husband contends that the trial court erred in awarding spousal support to wife because wife did not need additional financial support and because wife's misconduct significantly contributed to husband's desertion.  We find no support for husband's contentions.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

Husband contends that wife's independent earnings negate her

4

need for $300 in monthly spousal support.  Husband did not challenge the reasonableness of wife's claimed expenses.  The evidence established that wife's standard of living had diminished and that her expenses exceeded her income by approximately $500 a month.  We find no abuse of discretion in the trial court's award of spousal support.

Husband also contends that the trial court erred in awarding wife any support because her misconduct significantly contributed to the dissolution of the marriage.  Fault may be considered when a court decides whether to award spousal support.  <u>See</u> Code § 20-107.1.  The trial court did not find wife at fault in the breakdown of the marriage.  Therefore, we find no error in the trial court's decision to award her support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.