COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, Malveaux and Senior Judge Annunziata
Argued by videoconference


MARK WAYNE WALTER, A/K/A
 TIGER DAVID DARLING
                                                    MEMORANDUM OPINION[*] BY
                                                JUDGE ROSEMARIE ANNUNZIATA
    v.     Record No. 1345-20-2                         AUGUST 17, 2021

LUDMILLA WALTER


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Frederick G. Rockwell, III, Judge

        Tiger David Darling, *pro se*.

        William B. Cave (William B. Cave & Associates, PLLC, on brief),
        for appellee.


        Mark Wayne Walter, a/k/a Tiger David Darling, (husband), *pro se*, appeals the circuit

court's award of spousal support in a final decree of divorce.  Husband presents eleven assignments

of error on appeal concerning the circuit court's rejection of his arguments that wife deserted him

after she sought a protective order against him and that her desertion precluded her from being

awarded spousal support.[1]  We find no error and affirm the decision of the circuit court.

                                      BACKGROUND

        "We view the facts in the light most favorable to the prevailing party below, granting to it

the benefit of any reasonable inferences; we review issues of law *de novo*."  Wyatt v. Wyatt, 70

Va. App. 716, 718 (2019).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband does not assign error to the amount or duration of the circuit court's spousal
support award.

Husband and wife married on May 21, 1991.  During an altercation on September 17, 2017 (the September 2017 incident), husband picked up wife and carried her to his bedroom against her will.  The police responded, and husband was arrested for assault and battery of a family member.  The police obtained an emergency protective order that prohibited husband from having any contact with wife, and wife subsequently petitioned for a protective order.  The Chesterfield County Juvenile and Domestic Relations District Court (the JDR court) entered a preliminary protective order and extended it until husband's court date.

In December 2017, husband pleaded guilty to domestic assault and battery; the JDR court found the facts were sufficient to convict him but deferred the disposition under Code § 18.2-57.3.[2]  The JDR court placed husband on probation, directed him to be of good behavior, and ordered him to have no contact with wife for two years.  The civil protective order was dismissed.

On November 13, 2018, husband filed a complaint seeking a divorce based on the parties living separate and apart for more than one year.  Husband asked the circuit court to reduce or terminate his spousal support obligation.[3]  Husband also requested that the circuit court equitably distribute the parties' "significant debt" under Code § 20-107.3.  Wife filed an answer and asked the circuit court to award her permanent spousal support.  She also denied that she "created any marital debt for the parties" and asserted that the debt arose from husband's failure to pay income taxes.

---

[2] In December 2019, the JDR court dismissed the charge with prejudice under Code § 18.2-57.3.

[3] Before husband had filed his complaint for divorce, the circuit court heard an appeal of a support order from the JDR court and required husband to pay $2,500 per month to wife as *pendente lite* spousal support.

The parties appeared for a hearing in which evidence about husband's and wife's monthly income and expenses was presented. Wife did not work during the marriage, but after the parties separated, she started working as a seamstress and then as a housecleaner and caregiver. Husband worked throughout the parties' marriage. Although husband had prepared and filed the joint tax returns, he did not pay the income taxes for several years.

Husband also presented evidence about the September 2017 incident and introduced copies of the resulting JDR court orders. The circuit court asked husband why he was presenting the evidence surrounding the September 2017 incident and his arrest. Husband responded that he "want[ed] the facts straight." He also argued that the JDR court's orders proved that wife deserted him "because she requested" the no contact order. When the circuit court noted that "desertion is not an absolute bar to support," husband agreed, but added that "it's still in [Code § 20-107.1] as a requirement."

At the conclusion of husband's evidence, wife moved to strike husband's allegation that she deserted him. Wife stressed that neither party sought a divorce on fault grounds, and she dismissed, as "patently absurd," husband's argument that she deserted him by petitioning for a protective order after he assaulted her. The circuit court granted wife's motion to strike. The circuit court found that husband had assaulted wife and she "used her legal rights" to obtain a protective order, which did not constitute desertion.

At the conclusion of the hearing, the circuit court took the matter under advisement. The circuit court subsequently issued its letter opinion, granting husband a divorce on the grounds that the parties had lived separate and apart for more than one year. The circuit court considered the equitable distribution factors in Code § 20-107.3(E) and the spousal support factors in Code § 20-107.1(E). The circuit court found that the unpaid income taxes were husband's separate debt, for which he was solely responsible. The circuit court awarded wife $2,000 per month as

spousal support, beginning August 1, 2020. The circuit court ordered husband to pay an additional $500 per month toward the support arrearages that had accrued.

On December 2, 2020, the circuit court entered the final decree of divorce. Husband filed a motion to reconsider, which the circuit court denied.

ANALYSIS

I.

Husband contends that the circuit court erred in granting wife's motion to strike and rejecting his arguments that wife deserted him when she sought the protective order against him and that wife's desertion precluded her from receiving spousal support. We disagree.

A.

Since statutory amendments effective in 1988, desertion has not been a basis to bar spousal support. See generally Wyatt, 70 Va. App. at 720; Dexter v. Dexter, 7 Va. App. 36, 43 n.4 (1988). During the hearing, the circuit court repeatedly advised husband that desertion was not a bar to spousal support, and husband acknowledged that was the law. Nevertheless, husband argues on appeal that the circuit court "erred in its opinion at trial that desertion is not a 'bar' to spousal support." Husband, "having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Montague v. Commonwealth, 40 Va. App. 430, 438-39 (2003) (quoting Clark v. Commonwealth, 220 Va. 201, 214 (1979)). Moreover, as the law is clear and settled, the circuit court did not err in holding that desertion was not a bar to spousal support.

B.

Although desertion is not a bar to spousal support, in determining any award of spousal support, the circuit court must "consider the circumstances and factors which contributed to the dissolution of the marriage, specifically adultery and any other ground for divorce under the

provisions of subdivision A(3) or (6) [cruelty or desertion] of § 20-91 or § 20-95." Code § 20-107.1(E); see also Chaney v. Karabaic-Chaney, 71 Va. App. 431, 435-36 (2020); Wyatt, 70 Va. App. at 719. The statutory direction to consider the circumstances and factors leading to the dissolution of the marriage when determining spousal support is not limited to the grounds pled for divorce. Chaney, 71 Va. App. at 438. "Thus, even where a court grants a divorce based on a one-year separation, it must still consider any proven fault-based ground in relation to spousal support." Wyatt, 70 Va. App. at 719. "The factors and circumstances are not limited to the legal grounds for divorce, however, but also 'encompass[ ] all behavior that affected the marital relationship, including any acts or conditions which contributed to the marriage's failure, success, or well-being.'" Id. (quoting Barnes v. Barnes, 16 Va. App. 98, 102 (1993)).

In his complaint for divorce, husband sought a divorce based on the parties living separate and apart for more than one year, not desertion. However, consistent with Code § 20-107.1(E), husband raised the issue of desertion in connection with wife's request for spousal support. "Desertion is the 'breach of matrimonial duty – an actual breaking off of the matrimonial cohabitation coupled with an intent to desert in the mind of the deserting party.'" Dixon v. Dixon, 71 Va. App. 709, 716 (2020) (quoting Purce v. Patterson, 275 Va. 190, 195 (2008)).

The parties agreed that they separated on September 17, 2017, after the police arrested husband and the JDR court issued the emergency and preliminary protective orders. Husband argues that the September 17, 2017 separation constituted "an actual breaking off of the matrimonial cohabitation." Id. He further contends that wife's intention to desert him was evident when she petitioned for a protective order and sought "to force [h]usband out of the marital home and to keep him away." Husband asserts that his "single act" of abuse does not justify wife's "desertion." The evidence before the circuit court, however, proved that wife

petitioned for a protective order because she was "in fear of her safety" after husband physically assaulted her.

Wife's petition for a protective order does not constitute proof that she had the intent to desert the marriage; rather, it shows that wife wanted and intended to protect herself from husband, who had assaulted her in their home. The JDR court considered wife's petition and issued a preliminary protective order. Code § 16.1-253.1(A) authorizes a court to "issue a preliminary protective order against an allegedly abusing person in order to protect the health and safety of the petitioner or any family or household member of the petitioner." "When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." Elliott v. Commonwealth, 277 Va. 457, 463 (2009). "[T]he General Assembly clearly intended protective orders to safeguard the health and physical safety of a petitioner." Green v. Commonwealth, 72 Va. App. 193, 203 n.5 (2020) (quoting Elliott, 277 Va. at 463). Thus, wife's petition for a protective order was proof that she wanted to exercise her rights to protect herself, not that she intended to leave the marriage.

Moreover, the record does not support husband's assertion that the circuit court "absolved" wife from his claim of desertion. To the contrary, the circuit court found that wife's "use[ of] her legal rights" was not desertion. There is no error in that conclusion. "[A] party may be justified in leaving a marital abode even if grounds of divorce do not exist and may do so without committing desertion." Lee v. Lee, 13 Va. App. 118, 121 (1991) (quoting Kerr v. Kerr, 6 Va. App. 620, 624 (1988)). "[L]eaving the marital home is justified when a spouse's conduct creates conditions so intolerable that the other spouse cannot reasonably be expected to remain in the home." Id. (quoting Kerr, 6 Va. App. at 624).

Husband's arguments to the contrary notwithstanding, wife was justified in petitioning for a protective order because she "reasonably believed her health or well being was endangered" if husband remained in the marital home. Id.; see also Gottlieb v. Gottlieb, 19 Va. App. 77, 82 (1994); D'Auria v. D'Auria, 1 Va. App. 455, 459 (1986); Brawand v. Brawand, 1 Va. App. 305, 310 (1986). The evidence before the circuit court established that during the September 2017 incident, husband admitted he picked up wife and carried her to his bedroom against her will, despite wife's efforts to resist him and the intervention of others. Wife told the police that she did not want to go into his bedroom because "she did not know what might happen once she was in the room." Thus, wife did not desert husband when she sought a protective order.

C.

Husband further argues that the circuit court erred "by treating [his] guilty plea in the criminal case as relevant in this civil divorce case." Husband correctly states that "a judgment of conviction or acquittal in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered . . . and such judgment of conviction or acquittal is not admissible in evidence." McCloud v. Commonwealth, 269 Va. 242, 257 (2005) (quoting Godbolt v. Brawley, 250 Va. 467, 470 (1995)). Nevertheless, it was husband who introduced the documents regarding his arrest and the JDR court's proceedings. In response to the circuit court's query concerning "the probative value" of the documents to husband, he indicated that he "want[ed] the facts straight." Husband admitted that he pleaded guilty as charged.

"No litigant . . . will be permitted to approbate and reprobate – to invite error . . . and then to take advantage of the situation created by his own wrong." Montague, 40 Va. App. at 439 (quoting Fisher v. Commonwealth, 236 Va. 403, 417 (1988)). Husband placed his arrest and the events surrounding it before the circuit court when he introduced the documents and argued that

- 7 -

wife deserted him. He will not now be heard to argue that the circuit court erred in considering the evidence he presented.

## D.

Husband argues that the circuit court erroneously referred to the no-contact order as a protective order. In its letter opinion, the circuit court found that husband pleaded guilty to assault and battery of a family member, and a "[p]rotective [o]rder was also granted to [wife], requiring that [husband] have no contact with her for two years." Husband asserts that this finding was incorrect because the JDR court dismissed wife's protective order and imposed a no contact order. Husband emphasizes the differences between a protective order and a no contact order and contends that "the no contact order proves nothing since it provides zero information about the conduct or behavior of [h]usband."

Assuming without deciding that the circuit court's reference to a protective order, as opposed to a no contact order, was erroneous, any such error was harmless. "In Virginia, non-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Andrews v. Creacey, 56 Va. App. 606, 625 (2010) (quoting Code § 8.01-678). "If, when all is said and done, [it is clear] that the error did not influence the [fact finder], or had but slight effect, . . . the judgment should stand . . . ." Id. (quoting Clay v. Commonwealth, 262 Va. 253, 260 (2001)) (alterations in original). Throughout the hearing, the circuit court noted that husband pleaded guilty to domestic assault and battery, and after receiving his plea, the JDR court ordered husband to have no contact with wife. The circuit court's characterization of the order, whether as a protective order or as a no contact order, was of little consequence to the overall ruling. Accordingly, any potential error was harmless.

E.

Husband argues that the circuit court erred "by failing to recognize that wife's petition for protective order was without merit and could never have been granted at an evidentiary hearing." Husband contends that the circuit court erred in considering wife's petition for a protective order because the "meritless petition for protective order cannot, by itself, 'prove' that she was abused or had justification for abandoning the marriage when the facts of the incident from the [p]olice [r]eport show that her petition was without merit."

The circuit court recognized that the JDR court had dismissed the preliminary protective order after husband pleaded guilty to the assault and battery charge. The JDR court did not conduct an evidentiary hearing on the protective order, but it found the facts were sufficient to convict husband of assault and battery and entered an order of no contact. The merits of wife's petition for a protective order were not before the circuit court; therefore, the circuit court did not determine whether her petition was "without merit." Thus, there is no ruling for us to review on appeal. See Duva v. Duva, 55 Va. App. 286, 299 (2009).

F.

Husband argues that the circuit court erred in finding that he had agreed to the two-year no contact order. As a result of his guilty plea, the JDR court imposed certain restrictions on husband, including a no contact order. Husband admits that he obeyed the JDR court's order but contends that he did not agree to the no contact order.

The record is insufficient for this Court to determine whether husband agreed to the no contact order in the JDR court, as a copy of his plea agreement was not presented to the circuit court. On appeal, husband has the burden of showing that reversible error occurred. See Alwan v. Alwan, 70 Va. App. 599, 612 (2019). Moreover, assuming without deciding that the circuit court erred, any error is harmless. See Andrews, 56 Va. App. at 625. The circuit court did not

rely on husband's consent, or non-consent, to the two-year no contact order when it determined spousal support.

## II.

## A.

Husband argues that the circuit court erred when it failed to consider the circumstances and factors that led to the dissolution of the marriage in determining spousal support.

"When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" Chaney, 71 Va. App. at 435 (quoting Dodge v. Dodge, 2 Va. App. 238, 246 (1986)). Failure to consider all of the factors is reversible error. Id. But "[w]hat weight, if any, to assign to [a particular] factor in the overall decision lies within the trial court's sound discretion." Pilati v. Pilati, 59 Va. App. 176, 183 (2011) (quoting Robbins v. Robbins, 48 Va. App. 466, 481 (2006)).

"In contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order." Code § 20-107.1(F). "[T]o comply with Code § 20-107.1(F), the trial court should identify all relevant statutory factors supporting its decision and provide an explanation of its resolution of any significant underlying factual disputes." Pilati, 59 Va. App. at 182; see also Cleary v. Cleary, 63 Va. App. 364, 370 (2014). "The written explanation requirement can be satisfied by trial court orders, written letter opinions filed in the court's record, [and] oral rulings 'from the bench' recorded in a written transcript . . . ." Pilati, 59 Va. App. at 182 (quoting Bruemmer v. Bruemmer, 46 Va. App. 205, 210 (2005)).

The final decree referred to the circuit court's letter opinion, which included a discussion of the Code § 20-107.1(E) factors. Although the circuit court did not repeat the circumstances and factors that led to the dissolution of the marriage in the spousal support section of the letter opinion, the circuit court satisfied the requirements of Code § 20-107.1(E) and (F) when it addressed those circumstances and factors in another section of the letter opinion and throughout the hearing, as expressed in the transcript. As discussed above, the circuit court heard and considered evidence pertaining to the parties' separation, including the September 2017 incident. Husband was arrested and pleaded guilty to domestic assault and battery; the JDR court had ordered husband not to have any contact with wife for two years. The record, including the circuit court's letter opinion, reflects that the circuit court considered the circumstances and factors that contributed to the dissolution of the marriage when it determined spousal support.

B.

Husband argues that the circuit court erred when it stated that the doctrine of manifest injustice allowed the court to award wife spousal support. Although the circuit court mentioned manifest injustice during the hearing, it did not apply a manifest injustice analysis to its spousal support ruling. Rather, the circuit court correctly stated in its letter opinion that it based its spousal support award on the Code § 20-107.1(E) factors, wife's needs, and husband's ability to pay. See Wyatt, 70 Va. App. at 719 ("In determining the appropriate amount of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay." (quoting Alphin v. Alphin, 15 Va. App. 395, 401 (1992))).

III.

Husband contends that wife made erroneous statements in her closing arguments. He asserts that she erroneously stated that "grounds for divorce are irrelevant to a divorce based on the parties living separate and apart for more than one year." He also contends that wife's

decision to file a petition for a protective order does not prove that she was afraid of him. Husband did not raise these arguments in his assignments of error; therefore, we will not consider them. "Rule 5A:20(c) requires us to hold that this issue is waived because it is not part of appellant's assignment of error." Fox v. Fox, 61 Va. App. 185, 202 (2012).

## IV.

Wife asks this Court to award her attorney's fees and costs incurred on appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Alwan, 70 Va. App. at 613 (quoting Friedman v. Smith, 68 Va. App. 529, 545 (2018)). Wife's attorney agreed to represent her *pro bono*. However, "where there are lawyers or organizations that will take a [party's] case without compensation, that fact does not bar the award of a reasonable fee." Blanchard v. Bergeron, 489 U.S. 87, 94 (1989). Having reviewed and considered the entire record and equities of the case, we grant wife's request for a reasonable amount of attorney's fees and costs incurred on appeal. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing. Rule 5A:30(b).

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed, and this matter is remanded to the circuit court for determination and award of the appropriate appellate attorney's fees, which also should include any additional attorney's fees incurred at the remand hearing.

Affirmed and remanded.